Filed 11/20/23  P. v. Rogers CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP ROGERS,<br><br>Defendant and Appellant. | B328202<br><br>Los Angeles County<br>Super. Ct. No. BA373750 |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying a petition for resentencing brought under Penal Code section 1172.6.  We affirm.

## BACKGROUND

On October 14, 2011, the People filed an amended information charging appellant Phillip Rogers with murder, gross vehicular manslaughter while intoxicated, vehicular manslaughter with gross negligence, driving under the influence causing injury, and driving with a blood alcohol content over .08 percent.  It was further alleged Rogers had prior convictions within the meaning of Penal Code[1] section 191.5, subdivision (d).  A jury convicted Rogers of all counts except the murder charge, which the trial court dismissed.  The jury also found the prior convictions true.

The trial court sentenced Rogers to 15 years to life on the manslaughter conviction plus one year for the prior conviction.  No sentences were imposed on the other convictions.  This court affirmed the final judgment.  (*People v. Rogers* (April 4, 2014, B243041) [nonpub. opn.].)

The facts are brief for purposes of the resentencing petition and we set them out for context only.  On the evening of July 17, 2010, Rogers drank between four and 15 eight-ounce glasses of beer.  By 8:00 p.m., he had a blood alcohol content of between 0.26 and 0.32 percent.  At about that time, he was driving south on San Pedro Street between 79th and 80th Streets in Los Angeles when he hit and killed Mary Webster as she crossed the street.  (*People v. Rogers, supra*, B243041.)

---

[1]     Undesignated statutory references are to the Penal Code.

2

On April 8, 2022, Rogers filed a petition for resentencing under former section 1170.95. now recodified as section 1172.6. (Stats. 2022, ch. 58, § 10.)  The trial court appointed counsel, ordered and considered briefing, and held a hearing to determine if Rogers had established a prima facie case of eligibility for resentencing.  On January 6, 2023, the court found Rogers ineligible for resentencing as a matter of law.  Based on the jury instructions, the court found that Rogers could still be prosecuted under the law as it currently exists.  The trial court denied the petition without issuing an order to show cause or proceeding to an evidentiary hearing.  Rogers filed a notice of appeal.

We appointed counsel to represent Rogers on appeal.  On August 31, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*.  Counsel advised us they had told Rogers he may file his own supplemental brief. Counsel declared they sent Rogers transcripts of the record on appeal as well as a copy of the brief.

On August 31, 2023, this court sent Rogers a notice that a brief raising no issues had been filed on his behalf.  We advised him he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider.  We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On September 25, 2023, Rogers filed a supplemental brief, in which he contends: 1) he was entitled to a resentencing evidentiary hearing in accordance with section 1172.6; and 2) he is entitled to a *Marsden*[2] hearing to remove appellate counsel from further representing him on appeal and to appointment of

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

new counsel on appeal. His complaint is that counsel did not consult him before filing a no-issue brief.

As to an evidentiary hearing under section 1172.6, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) Petitions for resentencing carry out the intent of Senate Bill No. 1437 which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis,* at p. 967.) Senate Bill No. 1437 changed the elements of murder by limiting the circumstances where malice can be implied. (*People v. Solis* (2020) 46 Cal.App.5th 762, 779.) Petitions under section1172.6, then, address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. The petition to recall sentence under section 1172.6 is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

4

We reject Rogers's contention that he is entitled to an evidentiary hearing.  First, he was the sole defendant named in the amended information and was not convicted based on any theory of vicarious liability; Rogers alone was charged with killing the victim while he himself was driving intoxicated.  Second, the jury was not instructed on the natural and probable consequences doctrine or on the felony murder rule or any theory of aiding and abetting.

The trial court is entitled to review the record of conviction and deny a resentencing petition without holding an evidentiary hearing if the record establishes ineligibility for resentencing as a matter of law.  (*Lewis*, *supra*, 11 Cal.5th at p. 970–971.)  The record of conviction establishes Roger's ineligibility for relief.  Rogers was not entitled to an evidentiary hearing.

We also reject Roger's contention that he is entitled to a *Marsden* hearing to review counsel's representation of him on appeal.  *Marsden* established that a defendant is entitled to appointment of new counsel if the record clearly shows appointed counsel is not providing adequate representation or defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.  (*People v. Zendejas* (2016) 247 Cal.App.4th 1098, 1108.)  The rule of *Marsden* is "grounded in the constitutional right to effective counsel" under the Sixth Amendment of the United States Constitution.  (*People v. Dennis* (1986) 177 Cal.App.3d 863, 869.)  "Criminal defendants have a right to the effective assistance of counsel on the first appeal granted as a matter of right from a criminal conviction." (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.)

An appeal from the denial of a petition for resentencing is not a first appeal as of right and there is no constitutional right to effective assistance of counsel on appeal from resentencing appeals. (*Delgadillo, supra,* 14 Cal.5th at p. 227, fn. omitted ["there is no federal constitutional right to counsel under subdivision (c) of section 1172.6, and the right to counsel at that point in the proceedings is purely statutory. Given there is no constitutional right to counsel in a proceeding under section 1172.6, subdivision (c), it would 'defy logic' to conclude there is a constitutional right to counsel 'to appeal [that] state collateral determination.' "].)

Absent a constitutional right to appointed counsel, there is no basis for a *Marsden* hearing.

We are not required to independently review the denial of a petition for resentencing and we decline to do so. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.                    VIRAMONTES, J.

6